UNITED MINE WORKERS OF AMER-
ICA, International Union and Donald
Miller, Plaintiffs,

v.

CYPRUS MOUNTAIN COALS CORPO-
RATION, Cyprus Amax Minerals
Company, and Rag American Coal
Company, Defendants.

CIV. A. No. 00–401.

United States District Court,
E.D. Kentucky,
Pikeville Division.

Feb. 7, 2001.

## ORDER

HOOD, District Judge.

Defendants Rag American Coal Company, Cyprus Mountain Coals Corporation, and Cyprus Amax Minerals Company, have made a motion to dismiss [Record No. 10]. The plaintiffs have responded [Record No. 12] to which said defendant has replied [Record No. 13]. The time for further responsive pleadings has lapsed and this motion is ripe for review.

### Standard of Review for Motion to Dismiss

Defendants have moved this Court to dismiss this case on the grounds that Plaintiffs fail to state a cause of action for which relief can be granted. When reviewing a motion to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff." *Uttilla v. City of Memphis*, 40 F.Supp.2d 968, 970 (W.D.Tenn., 1999) quoting *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.1990). The standard applicable to motions to dismiss is well-established in the Sixth Circuit. In *Persian Galleries, Inc. v. Transcontinental Ins. Co.*, 38 F.3d 253, 258 (6th Cir.1994), the court of appeals held that "[a] district court's grant of a motion to dismiss is proper when there is no set of facts that would allow the plaintiff to recover." *Id.* The Supreme Court has determined that a complaint may be dismissed only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

While this standard of review is liberal, the plaintiff is required to put more than the bare assertion of legal conclusions. Clearly, "a plaintiff's complaint will not survive a motion to dismiss under Rule 12(b)(6) unless it contains either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Uttilla* 40 F.Supp.2d at 970 (internal citations omitted). Therefore, "a district court need not accept as true conclusions of law or unwarranted factual inferences." *Id.* at 970–71. As the outcome is premised on statutory interpretation, determination under a motion to dismiss is appropriate.

**Factual Background**

Defendant Cyprus Amax Minerals Company established and maintained a pension plan for employees. During negotiations for a collective bargaining agreement, the United Mine Workers of America (hereinafter "UMWA") agreed to allow the defendant to maintain its existing pension plan for its employees. In exchange, Defendant agreed to increase health and pension benefits to levels similar to those provided by National Bituminous Coal Wage Agreement. With respect to the agreement regarding disability pensions, the contract provided as follows:

> "The employer shall continue the Kentucky Mines Pension Plans for the duration of this agreement. The plan will be amended, subject to UMWA review and approval, to provide the following:... (2) A minimum disability pension benefit of $500. The eligibility requirements will be amended to be the same as in the UMWA Plan."

Agreement Between UMWA and Cyprus Coal Corporation, May 28, 1994, Article XX, Section (b), Defendants' Exhibit A1 at p. 91. Plaintiff admits that as "required by the contract, Cyprus Mountain pre-pared amendments to the portion of its pension plan dealing with the UMWA-represented employees," and that the UMWA reviewed said amendments, and "approved the language as consistent with the agreement of the parties." Plaintiffs' response at p. 4.

Since implementation of this contract and its amended provisions, several UMWA-represented employees of the defendants, including named plaintiff Donald Miller, have suffered injuries and applied for disability pensions. The plaintiffs assert that the defendants have breached their contractual agreements by applying eligibility standards which violate the contract between the parties. The defendants argue that this cause of action is unfounded as their contractual obligations were completed once the UMWA approved their proposed amendments. Defendants also note that the plaintiffs do not state a cause of action under 29 U.S.C. § 185 because the pension benefits committee is the only appropriate defendant in this case. Accordingly, they ask that this case be dismissed for failure to state a claim upon which relief can be granted.

**Analysis**

The Plaintiffs in this case pursue a cause of action based upon an alleged breach of contract. The complaint in this action asserts a single statutory basis under 29 U.S.C. § 185,[1] which states that,

> "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or

1. While the defendants note that the facts of this case may create a cause of action under ERISA, 29 U.S.C. § 1132(a)(1)(B), the plaintiffs do not pursue said cause of action in their complaint. Additionally, Plaintiffs do not list the pension benefits committee, or the plan itself, as defendants. The Sixth Circuit has noted that "[u]nless an employer is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits." *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir.1988).

without regard to the citizenship of the parties."

29 U.S.C. § 185(a). The Court must determine whether or not the named defendants are appropriate parties to this action. If so, the Court must then determine if there is an actionable breach of contract at issue.

The first issue requires a determination of the pension benefit board's agency status. The Pension Plan for Hourly Employees of Cyprus Amax Minerals Company and Its Affiliates (Defendant's Motion, Exhibit 2) states that the pension benefits committee "shall be named the fiduciary which shall control and manage the operation of the Plan and shall administer the Plan." Article IX § 9.1. Said committee may be made up of Cyprus employees, and all committee members "shall serve at the pleasure of the Board of Directors of Cyprus Amax Minerals Company. The Committee shall be responsible for the general administration of the Plan under the policy guidance of the Company." *Id.*

The language used in this section indicates that the defendant company has discretion over the composite makeup of the committee as each member serves at the "pleasure" of the defendant company. *Id.* In addition, the committee follows the "policy guidance" of the company. *Id.* These factors alone indicate an agency relationship between the committee members and the defendant company.

This relationship has statutory implications under 29 U.S.C. § 185(b), which states that "[a]ny labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents." In addition, 29 U.S.C. § 185(e) defines agency broadly, concluding that "[f]or the purposes of this section, in determining whether any person is acting as an 'agent' of another person so as to make such other person responsible for his acts, the question of whether the specific acts performed were actually authorized or subsequently ratified shall not be controlling." Given this broad statutory language, and the substantial amount of control given to the defendant company under the pension plan in question, the Court is led to conclude that the pension benefits committee acted as an agent for the defendant company. Therefore, its actions with regard to the issue of breach of contract may be imputed to the defendant company.

As agency exists, the Court must look to the substance of the complaint to determine if a breach of contract is actionable. The referenced contract clearly indicates that the defendant had an obligation to amend the pension plan's disability benefits, "subject to UMWA review and approval," and provide a "minimum disability pension benefit of $500" along with "eligibility requirements" that reflect standards utilized under the UMWA Plan. Defendants' Exhibit A1 at p. 91. The plaintiffs' brief acknowledges that said amendments were proposed to, and approved by, the UMWA. The gravamen of the plaintiffs' complaint asserts that their contract has been breached because the pension benefit committee's *application* of said provisions violates the intent of the parties.

While a benefit committee's interpretation of the language within a pension plan may give rise to a cause of action under 29 U.S.C. § 1132(a)(1)(B), the plaintiffs do not show evidence of a breach of contractual provisions. The complaint evidences a contractual promise by the defendants to amend their pension benefit plan and submit said amendments to the UMWA for approval. Plaintiffs' concession that such amendments were in fact approved by the UMWA defeats their cause of action for breach of contract. The contractual provisions at issue do not address the benefit committee's ability to interpret the language employed in the pension benefit plan, so long as such language is "the same as in the UMWA Plan." Defendants' Exhibit A1 at p. 91.

The plaintiffs do not assert that a problem exists with the contractual language, rather they base their cause of action upon the interpretation utilized by the pension benefits committee when analyzing the named plaintiff's right to benefits. The contract in question never contained restrictions upon the pension benefit committee's ability to interpret the UMWA Plan language. Therefore, no cause of action exists for breach of contract under 29 U.S.C. § 185.

Accordingly, **IT IS ORDERED:**

(1) That the defendants' motion to dismiss be, and the same hereby is, **GRANTED;**

(2) That this case be, and the same hereby is, **DISMISSED FROM THE ACTIVE DOCKET.**